982 So.2d 891 (2008)
Daniel E. BECNEL, Jr.
v.
Donna GRODNER, Grodner & Associates, APLC, McGlinchey Stafford, PLLC, Henri Wolbrette, III, Kathleen Manning, R. Marshall Grodner.
No. 2007-CA-1041.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 2008.
*893 Daniel E. Becnel, Jr., Becnel Law Firm, L.L.C., Reserve, LA, in Proper Person, Plaintiff/Appellant.
Richard C. Stanley, Melissa Vanderbrook Beaugh, Stanley, Flanagan & Reuter, L.L.C., New Orleans, LA, for McGlinchey Stafford, PLLC, Henri Wolbrette, III, Kathleen Manning, R. Marshall Grodner.
(Court composed of Judge JAMES F. McKAY III, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO JR.).
EDWIN A. LOMBARD, Judge.
In this case involving a legal fee-sharing dispute, Plaintiff/Appellant, Daniel Becnel ("Mr. Becnel"), appeals the trial court's judgment sustaining Defendants/Appellees' exception of no cause of action. After a de novo review of the allegations contained in Plaintiff's Petitions, we agree with the trial court that Mr. Becnel has failed to state a viable cause of action against the Appellees, and we affirm.
Relevant Facts
Donna Grodner ("Ms. Grodner"), an attorney representing a plaintiff ("Lagattuta") in a products liability action against a pharmaceutical company, enlisted Mr. Becnel to be her co-counsel in the case. The pharmaceutical company was represented by attorneys Henri Wolbrette and Kathleen Manning of the law firm of McGlinchey Stafford, PLLC. After many years, the case was finally settled through a confidential settlement. Apparently, Ms. Grodner did not inform her co-counsel, Mr. Becnel, that the case had been resolved or of the amount of the settlement. Mr. Becnel alleges that when he contacted his opposing counsel, attorneys Manning and Wolbrette, they refused to disclose to him the amount of the settlement, and advised him to contact his co-counsel for that information.
Mr. Becnel brought suit against Mr. Wolbrette, Ms. Manning, McGlinchey Stafford, PLLC, and Ms. Grodner's husband, R. Marshall Grodner, who is a partner at McGlinchey (hereinafter collectively referred to as "the McGlinchey defendants"), as well as Ms. Grodner, seeking 50% of the attorney's fee from the Lagattuta matter as well as costs and expenses he incurred in an effort to determine the amount of the settlement. In his original petition, Mr. Becnel alleged that the McGlinchey defendants negligently omitted his name from the settlement check and refused to reveal to him the amount of the settlement, and that Ms. Grodner's marital relationship with Mr. Grodner contributed to McGlinchey's actions (a conspiracy). In response, the McGlinchey defendants filed an exception of no cause of action arguing that it owed no duty to Mr. Becnel. At the hearing *894 on the exception, the trial court sustained McGlinchey's exception and allowed Mr. Becnel leave to amend his petition to state a cause of action.
Mr. Becnel filed an amended petition adding that a "fraud was perpetrated" on him by all the defendants. The McGlinchey defendants again filed an exception of no cause of action, which the trial court sustained, dismissing Mr. Becnel's claims against the McGlinchey defendants with prejudice. Mr. Becnel subsequently filed this timely appeal.
Law & Discussion
On appeal, Mr. Becnel argues that the trail court committed legal error in finding that his First Amended Petition for Damages failed to state a cause of action against the McGlinchey defendants.
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Fink v. Bryant, 01-0987, p. 3 (La.11/29/01), 801 So.2d 346, 348. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Id., pp. 348-349. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. Id. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Id. Because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition, the appellate court reviewing the judgment should subject the case to a de novo review. Id.
We have examined the allegations contained in Mr. Becnel's amended petition to determine whether he can prove any set of facts that would entitle him to relief, and have concluded that the amended petition raises potential claims of intentional tort and delictual fraud. In Louisiana, legal responsibility in tort claims is determined under a duty-risk analysis, which requires the plaintiff to prove four distinct elements: (1) duty, (2) breach, (3) cause in fact and (4) actual damages. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1369-1370 (La. 1984). All four elements must be affirmatively answered for a plaintiff to recover. Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318, 326. To recover under a cause of action in delictual fraud, a plaintiff must prove three elements: (1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resultant injury. See Newport Ltd. v. Sears Roebuck & Co., 6 F.3d 1058, 1068 (5th Cir.1993).
Since a cause of action for intentional tort and delictual fraud both require the existence of a duty, the threshold question is whether the McGlinchey defendants owed a duty to disclose the amount of the settlement to Mr. Becnel. Under Louisiana law, to state a cause of action in fraud from silence or suppression of the truth, there must be a duty to speak or disclose information. Greene v. Gulf Coast Bank, 91-1377 (La.1992), 593 So.2d 630, 632. Although there is no general duty to speak, a duty to speak or disclose may arise where there exists a fiduciary relationship between the parties. Id.
A fiduciary relationship has been described as "one that exists "when confidence is reposed on one side and there is resulting superiority and influence on the other.'" Plaquemines Parish Commission *895 Council v. Delta Development Company, Inc., 502 So.2d 1034, 1040 (La.1987), citing Toombs v. Daniels, 361 N.W.2d 801, 809 (Minn.1985). In the instant case, there was no special fiduciary relationship between Mr. Becnel and his opposing counsel that would give rise to a duty to disclose. In negotiating and perfecting the settlement in the Lagattuta matter, the only fiduciary duty the McGlinchey defendants owed was to their client. Without the existence of a fiduciary relationship, the McGlinchey defendants had no duty to inform Mr. Becnel of the amount of the settlement. Recently, the Louisiana Supreme court held in Scheffler v. Adams & Reese, LLP, 06-1774 (La.2/22/07), 950 So.2d 641, that there is no cause of action between co-counsel based on a theory that co-counsel have a fiduciary duty to one another to protect the other's interest in a fee. Therefore, it stands to reason that there can be no cause of action against opposing counsel based on an alleged fiduciary duty to protect each other's interest in a fee.
Moreover, the McGlinchey defendants did not owe Mr. Becnel any other duty, including a duty to make sure that his name was on the settlement check, or monitor the disbursement of the settlement funds between Mr. Becnel and Ms. Grodner. Louisiana law does not impose an affirmative duty upon defense attorneys to ensure the inclusion of an attorney as a payee on the check of a settling defendant. See, e.g., Block v. Bernard, Cassisa, Elliott & Davis, 04-1893 (La.App. 1 Cir. 11/04/05), 927 So.2d 339. And, because Mr. Becnel did not record a copy of the written fee arrangement with Ms. Grodner, assuming one exists, with the clerk of court where the suit was filed, the McGlinchey defendants were under no obligation to retain the settlement funds pending determination of a dispute over the funds between Ms. Grodner and Mr. Becnel. See La.Rev. Stat. 37:218.
Because we find that the McGlinchey defendants owed Mr. Becnel no duty of any kind, it is not necessary to determine whether the other elements of a cause of action in intentional tort or delictual fraud have been met. However, we note that even if the McGlinchey defendants had a duty to Mr. Becnel and breached the duty by refusing to disclose the settlement amount to him, the McGlinchey defendants' refusal to disclose the settlement amount was not the legal cause of Mr. Becnel's injuries. Rather, Mr. Becnel's injuries were caused by Ms. Grodner's alleged breach of their fee-sharing agreement. Thus, if Mr. Becnel did not receive his agreed to share of the legal fee after the settlement, his claim is against Ms. Grodner-not the McGlinchey defendants.
Mr. Becnel also argues that the court erred in granting the McGlinchey defendants' exception of no cause of action before he had been afforded the opportunity to conduct discovery on the issue of whether and to what extent the Grodners' marital relationship influenced the McGlinchey defendants' refusal to disclose the settlement amount. However, since this claim was not raised at the trial court level, it is not properly before the court. Moreover, since an exception of no cause of action must be determined solely on the face of the pleadings without the introduction of evidence, this argument has no merit.
Accepting all of the allegations in Mr. Becnel's amended petition as true, and applying the foregoing legal principles, we find that Mr. Becnel's amended petition fails to allege facts sufficient to state a cause of action against the McGlinchey defendants. Accordingly, the trial court *896 was correct in sustaining the McGlinchey defendants' exception of no cause of action.
Decree
For the foregoing reasons, the judgment of the trial court granting the McGlinchey defendants' exception of no cause of action and dismissing Mr. Becnel's claims against them is affirmed. Costs of this appeal are assessed to Mr. Becnel.
AFFIRMED.