JOAN BERNARD ARMSTRONG, Chief Judge.
LThe plaintiffs, Private Connection Property, Inc. (hereinafter PCP) and Wesley Alden, M.D., appeal the trial court’s judgment sustaining exceptions of no right of action and no cause of action filed by the defendant, Insurance Auto Auctions (hereinafter IAA). For the reasons that follow, we affirm.
According to plaintiffs’ original petition, filed on June 21, 2007, PCP entered into an oral lease agreement with defendant Fox Cars, L.L.C. (hereinafter Fox), allowing Fox to operate an auto workshop and store autos at premises located on Earhart Boulevard in New Orleans. Defendant Luis Medina negotiated the lease and represented that he was part owner of Fox. PCP alleges that between June 1 and October 31, 2006, it sustained the following damages: unpaid rent; stolen or damaged autos; lost, stolen, or damaged tools and shop equipment; lost, stolen, or damaged car parts; and damage to the buildings and other improvements located on the leased premises. Dr. Alden alleges that some of the lost, stolen, or damaged items were his personal property.
LThe plaintiffs allege that the individual defendants, Ramon Cruz, Alma Cruz and Luis Medina, are members and/or managers of Fox.
The original petition also contains a breach of contract claim against IAA, a licensed used motor vehicle dealer. IAA is an auction company used primarily by insurance companies to dispose of salvage vehicles. According to the petition, certain auctions were held in Baton Rouge, Louisiana between June 1 and October 31, 2006. Fox was the holder of a Louisiana Buyer Identification Card (BID card) allowing it to purchase vehicles at IAA auctions. The plaintiffs allege that IAA allowed Mr. Medina to bid on vehicles at IAA auctions in the name of and as an agent or representative of Fox, while knowing that he was in fact bidding for himself and not for Fox. The plaintiffs allege that IAA listed vehicles purchased on Mr. Medina’s bids as having been purchased by Fox, and issued titles in Fox’s name.
According to the original petition, in June of 2006, Dr. Alden entered into an arrangement with Mr. Medina and Fox in which Fox and Mr. Medina would bid at IAA auctions for the mutual benefit of Dr. Alden, Fox and Mr. Medina. Pursuant to this agreement, Fox, through Mr. Medina, would bid on the cars; Dr. Alden would pay the purchase price; IAA would issue titles to Fox; Fox, through Mr. Medina, would perform repairs at the leased premises; Fox, through Mr. Medina, would sell the cars to third parties; Dr. Alden and *869 Fox would be reimbursed the purchase price and cost of repair's; and Dr. Alden and Fox, through Mr. Medina, would divide the balance of the sale price.
|3The plaintiffs allege that IAA, Fox and Mr. Cruz knew that Mr. Medina was acting solely in his own interest while using Fox’ status as a licensed used motor vehicle dealer, holder of a BID card, and registered IAA bidder. Furthermore, Dr. Alden claims he would not have entered into the agreement had he known that Mr. Medina was acting for his own account.
Dr. Aden allegedly provided $140,889 in cashier’s checks to pay for approximately one hundred seventeen vehicles purchased by Fox from IAA, which titled all the vehicles to Fox. In November of 2006, Dr. Aden learned that Mr. Medina and/or Fox had been selling these vehicles to third parties without reimbursing Dr. Aden or paying him his share of the profits.
IAA filed a dilatory exception of vagueness on August 28, 2007.[1] On April 1, 2007, the plaintiffs filed a First Amended Petition for Damages. In that petition, the plaintiffs re-titled their Breach of Contract claim against IAA, Fox and the individual defendants as “Negligence, Gross Negligence, And/Or Fraud.” Upon information and belief, the plaintiffs alleged a violation of the Louisiana Recreational and Used Motor Vehicle Commission Act, La. R.S. 32:781, et seq. (hereinafter the Act). Plaintiffs alleged that it was IAA’s actual practice to allow persons or entities other than registered buyers with a Louisiana BID card issued by the Louisiana Recreational and Used Motor Vehicle Commission (hereinafter the Commission) to sign in and bid at auctions under the name(s) of registered buyers. The plaintiffs allege that Fox, Ramon Cruz and IAA knew or should have 14known that Mr. Medina was in fact bidding on his own behalf, and negligently and/or grossly negligently allowed Mr. Medina to place bids at IAA auctions. The plaintiffs allege that IAA allowed Mr. Medina to bid in Fox’s name; knew he was an agent and/or representative of Fox; allowed him to bid on and purchase vehicles using the name Ramon Cruz; and knew Mr. Medina had no authority to bid except as Fox’s agent and/or representative. The plaintiffs alleged in the alternative that IAA knew that Mr. Medina was not Fox’s authorized agent or representative; knew he was using his claimed status to place bids but was in fact bidding for himself and not for Fox; and listed those vehicles for which Mr. Medina was the winning bidder as having been purchased by Fox and issued the titles in Fox’s name. The plaintiffs claim that Fox, Ramon Cruz and IAA were “knowing, willing, negligent, and/or grossly negligent co-conspirators and/or accessories to the fraud” perpetrated on Dr. Aden.
IAA withdrew its Dilatory Exception of Vagueness and filed Peremptory Exceptions of No Right of Action and No Cause of Action to the First Amended Petition for Damages, alleging the following:
(1) The plaintiffs’ claim for violations of the Louisiana Recreational and Used Motor Vehicle Commission Act is subject to the Peremptory Exception of No Cause of Action because the Act does not provide for a private right of action;
(2) To the extent that the amended petition is construed as alleging that IAA was a party to a business agreement involving Dr. Aden, Fox, and Mr. Medina, the amended petition discloses that IAA fulfilled all of its alleged obligations under *870 the |/¡alleged agreement, so that IAA cannot be liable to the plaintiffs for a breach of contract;
(3) To the extent that the amended petition is construed as alleging that IAA was not a party to the alleged business agreement, but is nonetheless liable for allowing a breach of that agreement to occur, the peremptory exception of no cause of action is based on the fact that there is no cause of action under Louisiana law against a non-party who allows a breach of contract to take place;
(4) To the extent that the plaintiffs seek to assert a claim for delictual fraud against IAA, the petition is subject to the peremptory exception of no cause of action because there is no allegation that IAA made any misrepresentation of material fact with intent to deceive the plaintiffs;
(5) To the extent that the plaintiffs seek to assert a negligence claim, IAA asserts the peremptory exception of no cause of action because, even assuming the truth of the amended petition’s allegations, the plaintiffs have not alleged the existence or breach of any legal duty IAA might have owed to the plaintiffs. Furthermore, the acts of persons other than IAA would be the superseding and sole legal cause of damages allegedly suffered by the plaintiffs.
The exceptions were heard in the trial court on July 25, 2008, and on August 1, 2008, the trial court entered judging granting the exceptions of no right of action and no cause of action, dismissing the Petition for Damages and First Amended Petition for Damages with prejudice. This appeal followed.
IfiWe note initially that the Act provides consumers with a private right of action if and only if a motor vehicle or recreational products dealer sells or transfers a flood-damaged vehicle without having informed the recipient, in writing, of the extent of flood damage. The recipient of that vehicle is authorized to bring an action to set aside the transaction. La. R.S. 32:789[2]. The plaintiffs have not asserted any claims pursuant to that section of the Act.
We review the grant of the peremptory exception of no cause of action de novo. Industrial Companies, Inc. v. Durbin, 02-0665, p. 6 (La.1/28/03), 837 So.2d 1207, 1213.
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.... Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. [Citations omitted.]

*871
Id.

The party raising the exception, in this case IAA, carries the burden of proof. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170, p. 9 (La.3/2/99), 739 So.2d 748, 755.
 |7It is clear that there is no privity of contract between the plaintiffs and IAA. Insofar as the original and amended petitions purport to state a claim by the plaintiffs against IAA for breach of contract, the petitions fail to disclose any basis for such a claim. Thus, the petitions fail to state a cause of action for breach of contract against IAA. Neither do we find any allegation that would state a cause of action for tortious interference with the contract(s) that may have existed between the plaintiffs, Fox and the individual defendants. Plaintiffs allege that, whatever IAA may have known or should have known about the relationships existing among Fox and the individual defendants, IAA nonetheless was presented by Mr. Medina with an apparently valid BID card, and IAA sold and titled the cars on which Mr. Medina successfully bid, not to Mr. Medina, but to Fox.
The plaintiffs allege that the transactions in questions took place between June 1 and October 31, 2006. Prior to August 14, 2006, salvage sales of used vehicles were governed by Chapters 4-A and 4-B of Title 32, entitled, respectively, “Automotive Dismantlers and Parts Recyclers; Motor Vehicle Crushers; and Scrapped Motor Vehicle Dealers”; and “Used Motor Vehicle Dealers and Marine Product Dealers”, La.R.S. 32:751 et seq. and La.R.S. 32:771 et seq. La.R.S. 32:772 created the Used Motor Vehicle and Parts Commission (hereinafter the Commission), and provision was made for licensing, inter alia, used motor vehicle auctions and salvage pools that deal in used motor vehicles. La.R.S. 32:752; La.R.S. 32:773 A. (4); La.R.S. 32:774. La.R.S. 32:762 provided in relevant part:
A. Sales of motor vehicles at a salvage pool, salvage- disposal sale, or through an insurance company shall be opened only to persons ^possessing a Louisiana buyer’s identification card to buy such motor vehicles as provided in this section.
[[Image here]]
C. It shall be the duty of the owner, manager, or person in charge of any salvage pool or salvage disposal sale, to prohibit the bidding by any person who does not display a buyer’s identification card, to refuse to sell to any person any wrecked or repairable motor vehicle if such person does not display a valid buyer’s identification card and to prohibit any person without a buyer’s identification card to be present at the bidding site during a sale. Each buyer’s identification card holder may be accompanied by a mechanic or other technician.
By Acts 2006, No. 440, effective August 15, 2006, the Louisiana legislature repealed Chapters 4-A and 4-B, and enacted Chapter 4-C, entitled Louisiana Recreational and Used Motor Vehicle Commission, La. R.S. 32:781 et seq. La.R.S. 32:784 A. (4) retains the licensing requirement found in La.R.S. 32:773 A. (4) and La.R.S. 32:774 for persons who carry on the business of used motor vehicle auctions and salvage pools that deal in used motor vehicles. La.R.S. 32:808(A) retained the requirement of prior La.R.S. 32:762(A) that salvage pool or disposal sales shall be opened only to persons possessing a Louisiana buyer’s identification card. La.R.S. 32:808(C) retained the duty set forth in prior La.R.S. 762(C). We note that the buyer identification card requirement was repealed by Acts 2007, No. 257; however, *872 it was in effect during the period relevant to the instant litigation.
The plaintiffs claim that IAA violated the Act by allowing Mr. Medina to bid on cars at IAA auctions although he did not possess a valid BID card. The plaintiffs also allege that Mr. Medina bid using Fox’s name, and that Fox did possess a valid BID card. Furthermore, the petitions allege that IAA sold the vehicles in question to Fox, not to Mr. Medina individually, and issued titles for | nthe vehicles to Fox, not to Mr. Medina individually. Since IAA sold the vehicles to Fox, a holder of a valid BID card, and titled the vehicles to Fox, we find that the plaintiffs have not alleged a violation of the Act. We find nothing in the statutory language, legislative histories, or jurisprudence to support the contention, implicit but unstated in the amended petition, that a person in IAA’s position has an affirmative duty to go behind the presented bid card and to investigate whether the presenter of the card had authority to bid on behalf of the cardholder, specifically, where the vehicle is sold to and titled to the cardholder and not to the person who presented the card.
Having found that the allegations of the petition do not set forth a violation of the Act, the issue of per se negligence is moot.
The plaintiffs allege in their amended petition that IAA engaged in a conspiracy with Mr. Medina, Mr. Cruz and Fox to defraud Dr. Alden. In Louisiana, legal responsibility in tort is determined by application of a duty/risk analysis. This analysis requires the plaintiff to prove four distinct elements: (1) existence of a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) the breach is a cause in fact of damage; and (4) actual damage was sustained by the plaintiff. Becnel v. Grodner, 07-1041, p. 3 (La.App. 4 Cir. 4/2/08), 982 So.2d 891, 894. All four elements must be affirmatively proven in order for a plaintiff to recover. Id., citing Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318, 326.
|10In this case, IAA’s duty was defined during the relevant period by La.R.S. 32:762 C (from June 1 through August 14, 2006) and by La.R.S. 32:808 C (from August 15 through October 31, 2006). The original and amended petitions contain no allegations that IAA breached those duties.
In order to recover for delictual fraud, a plaintiff must show, in addition: (1) a misrepresentation of material fact; (2) made with the intent to deceive; (3) causing justifiable reliance with resultant injury. Id.
While Louisiana law does not require technical forms of pleading, in pleading fraud, plaintiffs must allege with particularity the circumstances constituting the fraud. Malice, intent, knowledge, and other conditions of mind of a person may be alleged generally. La.C.Civ.Proc. arts. 854 and 856. It is insufficient to plead merely that a defendant defrauded a plaintiff.
Applying the foregoing principles to the plaintiffs’ original and amended petitions, we find no allegation that IAA misrepresented any material fact to either plaintiff. The plaintiffs admit in them amended petition that, whether IAA knew or did not know that Mr. Medina allegedly acted for his own account and not for Fox, whose BID card he presented, IAA in fact sold and titled the vehicles in question to Fox, and not to Mr. Medina. There is no allegation that IAA misrepresented any fact to the plaintiffs or, indeed, that IAA had any direct dealings or communications with the plaintiffs. Absent the allegation of such a misrepresentation of material fact, the petition and amended petition fail *873 to state a cause of action for delictual fraud.
[^Having found that the original and amended petitions do not state a cause of action against IAA for which relief could be granted, the trial court’s judgment granting IAA’s exception of no right of action is moot.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.

. The responses filed by the other defendants are irrelevant to the issues presented in this appeal.

. Transactions from June 1, 2006 through August 14, 2006 were governed by La.R.S. 32:774.2. Acts 2006, No. 440, effective August 15, 2006, extended coverage to recreational vehicles.