*992 BONIN, J.,
concurs and assigns additional reasons.
|,1 respectfully concur in the majority and assign additional reasons related to our affirming the trial court’s sustaining the exception of no cause of action with respect to the so-called “conspiracy” count.
La. Civil Code article 2324 A states: “He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.” Article 2324 A does not codify, as the majority opinion correctly points out, an independent cause of action. The article’s purpose is to provide a rule of “loss distribution” when intentional tortfeasors have conspired. See Symeon Symeonides, Louisiana’s New Law of Choice of Law for Tort Conflicts: An Exegesis, 66 Tul. L.Rev. 677, 699-725 (1992); Frank L. Maraist and Thomas C. Galligan, Jr., Burying Caesar: Civil Justice Reform and the Changing Face of Louisiana Tort Law, 71 Tul. L.R. 339, 383-391 and 397-398 (1996). See also La. Civil Code arts. 3542-3544 and the Comments thereunder, and Levy v. Jackson, 612 So.2d 894, 896 (La.App. 4th Cir. 1993). Because Article 2324 A does not establish a “standard of conduct,” it cannot be accessed as the source of a duty by either the Children Trust or Ruth’s Trust to the liquidator of the Corporation and of the Partnership.
|2In evaluating whether the petitioners have stated a cause of action for a tort, we apply the test set out in Private Connection Property, Inc. v. Fox Cars, LLC, 08-1129, p. 9 (La.App. 4 Cir. 2/10/09), 6 So.3d 866, 872, a case which also involved a conspiracy allegation:
In Louisiana, legal responsibility in tort is determined by application of a duty/ risk analysis. This analysis requires the plaintiff to prove four distinct elements: (1) existence of a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) the breach is a cause in fact of damage; and (4) actual damage was sustained by the plaintiff.... All four elements must be affirmatively proven in order for a plaintiff to recover.
Id., 08-1129 at p. 9, 6 So.3d at 872 (emphasis supplied). See also Becnel v. Grodner, 07-1041, p. 3 (La.App. 4 Cir. 4/2/08), 982 So.2d 891, 894.
The Louisiana Supreme Court in Scheffer v. Adams & Reese, LLP, 06-1774, p. 4 (La.2/22/07), 950 So.2d 641, 646, recounted the longstanding jurisprudence that holds:
As used in the context of the peremptory exception, a “cause of action” refers to the operative facts which give rise to the plaintiff’s right to judicially assert the action against the defendant, (emphasis added).
See also Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). Our task on de novo review, then, is to scrutinize the fourth amending petition in this case for “operative facts” which would first support a finding that that each trust had a “duty owed to the plaintiff.”
While the petition makes compelling allegations that David Tufts owed a duty to the Corporation and to the Partnership, it is wholly silent on any alleged facts upon which we could find a duty by either trust to them. We are left to infer that the Children Trust and Ruth’s Trust are shareholders or partners, but the petition gives no information as to whether they are majority or minority shareholders or the percentage of their partnership interests, if any. And even if |sthey are shareholders or partners, we are adrift as to what duty they would have to their corporation or partnership. See, e.g., La. R.S. 12:91-92; see also E. Brodsky & M. Adamski, Law of Corporate Officers and Directors: Rights, Duties and Liabilities, § 4.01, p. 2 (1984). The petition gives us *993 no hint of the kind of duty which would be owed and I cannot discern one. While the petition alleges ample facts to show the self-interest of Tufts, it makes no suggestion of the motivation or self-interest of the trusts to harm the Corporation or the Partnership. Because I detect no operative facts in the petition which would support a finding that either trust owed any duty whatsoever to the Corporation or the Partnership, I must concur in the affirmation of the district court’s ruling on the exception.
Lastly, while ordinarily an opportunity to amend the petition to state a cause of action ought to be indulged, I do believe that at this point in the litigation further amendment would be futile. See, e.g., Crutcher-Tufts Resources, Inc. v. Tufts, 07-1556, p. 4 (La.App. 4 Cir. 9/17/08), 992 So.2d 1091, 1094 (Landrieu, J., concurring).