LANDRY, Judge.
Plaintiff-appellant takes this appeal from the judgment of the Honorable Nineteenth Judicial District Court, East Baton Rouge Parish, dismissing his action on defendant’s peremptory exception of non-joinder of an indispensable party. For reasons hereinafter set forth, we remand this matter to the trial court for further proceedings.
The record reflects that on May 7, 1965, appellant instituted action against defendants Willis G. Adams and Wright Adams Realty Co., the latter alleged to be a domestic corporation. Plaintiff’s petition prayed for return of a deposit of $400.00 advanced by him on a real estate transaction never consummated due to misunderstanding relative to the title of subject property and the manner in which the transfer was to be effected. Trial of the matter was had on May 10, 1966. In taking the testimony, it developed that defendant Wright Adams Realty Co. is in fact a partnership composed of defendant Wright Adams and his brother, Willis Adams. Said revelation prompted the filing of defendants’ peremptory exception based on the plaintiff’s failure to have joined the partners and the partnership as defendants pursuant to the mandatory provisions of La. Code of Civil Procedure Article 737. By oral judgment rendered in open court and entered upon the minutes of the court, the trial court sustained defendants’ exception of non-joinder of an indispensable party and dismissed plaintiff’s action as of non-suit. However, no judgment to said effect was signed by the trial court. Subsequently, on February 6, 1967, plaintiff, without either leave of court or written consent of defendant, amended his petition making the partnership and its partners defendants in these proceedings. See La.Code of Civil Procedure Article 1151.
On August 31, 1967, formal judgment dismissing plaintiff’s action was signed by a judge of the lower court other than the judge who presided at the trial. Appellant then timely moved for a new trial which motion was duly heard and denied. This timely appeal ensued.
Unquestionably the case at hand falls squarely within the provisions of La.C.C.P. Article 934 which reads as follows:
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”
We note the only formal judgment herein (and consequently the only appeala-ble decree), namely, that of August 31, 1967, makes no provision for an allowance of time in which the aforesaid defect in plaintiff’s petition could be remedied by amendment. In this regard the decree in question fails to comply with the mandatory terms of the hereinabove quoted codal authority. Hayes v. Muller, 248 La. 934, 183 So.2d 310; Succession of Guidry v. *757 Bank of Terrebonne & Trust Co., La.App., 193 So.2d 543.
According to the terms of Article 934, supra, and the jurisprudence interpreting same, it is the mandatory duty of a trial court to permit a reasonable interval in which a petition, defective in the manner shown, may be cured by amendment. In this regard the following observations appearing in Succession of Guidry are apropos :
“The provisions of LSA-C.C.P. Article 934 are unquestionably a codification of the prior jurisprudence and indeed extend the rule of the Reynolds case [Reynolds Metal Co. v. T. L. James & Co., Inc., La.App., 69 So.2d 630], supra, by mandatorily requiring that the trial court afford opportunity to amend when revision can cure or remove the grounds upon which the peremptory exception is founded. The applicable statute is couched in clear and unmistakable verbiage to the effect that the trial court shall allow amendment within a reasonable delay under such circumstances. We hold, therefore, that where the ground of the peremptory exception may be removed by amendment, no discretion is vested in the trial court to grant or deny time for amendment. In such instances the trial court must afford time for amendment. Such is the case in the matter at hand.”
Defendants contend, however, both in brief and oral argument, that notwithstanding the judgment of August 31, 1967, makes no reference thereto, appellant was nevertheless afforded opportunity to amend in the court below but refused to do so. By way of particularization, defendants assert that on consideration of appellant’s motion for new trial in the court below, appellant was in fact given an opportunity to amend but declined. Defendants further asseverate they also proposed the formal judgment of dismissal be amended to grant a delay during which appellant could amend. According to defendants this proposal was rejected by counsel for appellant who persisted in contending the amendment filed February 6, 1967, was sufficient and counsel had no intention of incurring the cost of serving another amendment on the required parties.
It has been rightly held that an amended petition filed without leave of court when such permission is required, may not be considered. In legal contemplation an amended petition so filed is totally without effect and is deemed not to have been filed at all. La.C.C.P. Article 1151; Martino v. Fairburn, La.App., 71 So.2d 358. It follows that the amended petition filed herein on February 6, 1967, is totally lacking in legal efficacy.
The present record, however, contains no official account of the events which transpired during consideration of appellant’s motion for a new trial. If, as defendants maintain, appellant was adamant in refusing to amend his petition with leave of court to implead the indispensable parties involved, the judgment herein appealed should be affirmed. On the other hand, if appellant were not in fact afforded opportunity to amend with leave of Court, this matter must be remanded to the trial court to grant appellant said privilege.
We cannot, however, adjudicate this factual issue upon the record as it now stands. It is necessary therefore that we remand this cause to the trial court to afford the parties and the trial judge opportunity for full disclosure of the circumstances attending appellant’s alleged refusal to amend his petition during consideration of appellant’s motion for a new trial.
Accordingly, it is hereby ordered, adjudged and decreed that this cause be remanded to the lower court for completion of the record with respect to the circumstances attending the consideration of appellant’s motion for a new trial.
It is further ordered, adjudged and decreed that the parties concerned and the *758 judge of the trial court shall all make complete disclosure under oath of the particular circumstances involved.
Remanded.