BOUTALL, Judge.
This matter comes to us on appeal from a judgment maintaining an exception of no *444 right of action, dismissing plaintiff’s suit without prejudice.
The suit arises out of a collision in which 3 vehicles were involved. The plaintiff, Mrs. Thelma Montgomery, driver of one vehicle, sues for damages the driver of the second vehicle, Claude T. Green, his employer, Red Ball Motor Freight, Inc., and their insurer, Transport Insurance Company, and also sues the Travelers Insurance Company, her own insurer under an uninsured motorist provision in her policy, alleging joint negligence of the driver of the third vehicle, who was unidentified and is unknown. Additionally, she sues Travelers for recovery of medical expenses under the medical payment provisions of her policy.
In her original petition, Mrs. Montgomery alleges that on October 8, 1969, at approximately seven o’clock a.m., she was operating her husband’s Oldsmobile on U. S. Highway 61 in a northbound direction, and was in the process of passing the defendant driver, Claude T. Green, driving the Red Ball Motor Freight tractor trailer, which was traveling in the same direction in the right lane of traffic, when an unknown and unidentified motorist, who was also proceeding in the right lane of traffic in front of the Red Ball tractor trailer, suddenly and negligently changed to the left lane of traffic without signalling and caused petitioner to apply her brakes to avoid an accident. Simultaneously, the Red Ball driver, Claude T. Green, caused his vehicle to move into plaintiff’s path of travel causing the vehicles to come into collision and cause plaintiff’s injuries. The petition then proceeds to allege that the sole and proximate cause of the accident was the negligence of defendant driver, Claude T. Green, and enumerates the instances of such negligence. Thereupon the petition alleges that a joint, concurrent and proximate cause of the accident was the negligence of the unidentified motorist and enumerates the instances of negligence of the unknown motorist. The petition further alleges that Mrs. Montgomery was insured under a policy issued by the Travelers Insurance Company which contained uninsured motorist coverage including unknown motorist coverage. Thus Travelers Insurance Company is also made a party defendant. The prayer recites that there be judgment against all of the defendants, jointly, severally, and in solido; and further, that in the event that the court finds the unknown and unidentified motorist to be at fault, then plaintiff prays for judgment over and against Travelers Insurance Company. The petitioner further prays against Travelers Insurance Company only for payment under the medical payment provision of the policy alleged.
To this petition, on the 25th day of February 1970, the defendant, the Travelers Insurance Company, filed an exception of no right or cause of action. On the next day, February 26, 1970, the other defendants: Green, Red Ball Motor Freight, and their insurer, Transport Insurance Company, filed answer. On March 3, 1970, plaintiff filed a motion seeking a trial by jury, and also a motion fixing the exception of no right or cause of action for trial for the 20th day of March, 1970. On March 20, 1970, petitioner filed a pleading entitled “Supplemental and Amending Petition” alleging that, in the alternative, in the event that the driver Green was found not negligent, that the accident was caused solely by the negligence of the unidentified motorist, and hence the Travelers Insurance Company is liable pursuant to the uninsured motorist provisions in her policy. The amending petition reiterated the original prayer. The record is devoid of any suggestion as to what happened to the trial of the exception that was set on that day; however, judgment on the exception was rendered on May 1, 1970, reciting that the cause was tried that day, and this court simply assumes that the matter was continued until May 1, 1970. It is from the judgment on the exception rendered on that day that the plaintiff appeals, and into which we must inquire.
*445 The exception filed by the defendant, the Travelers Insurance Company, was entitled “Exception of No Right or Cause of Action”, the grounds of which were that petitioner failed “to state a right of action on the behalf of Thelma J. Montgomery as required by the Louisiana Code of Civil Procedure”. This is a rather vague pleading, but the memorandum filed in connection therewith discloses that the basis of the exception is that one of the vehicles involved is owned by Red Ball Motor Freight Company and insured by the Transport Insurance Company, and presumably, there is insurance coverage in effect. Therefore, Travelers should be dismissed from the suit. The trial judge maintained the exception of no right of action and dismissed Travelers- from the suit without prejudice.
The record does not disclose the reasons for the decision and we are not able to ascertain whether the trial judge considered the amending petition filed by plaintiff on March 20, 1970, prior to the trial of the exception. Additionally, the record is silent as to any disposition that may have been made of plaintiff’s claim against Travelers for medical payments under the policy. This latter point is not even argued before us. The wording of the exception by itself is such as to fit this portion of the claim since it is alleged that plaintiff is a married woman. The exception of no right of action questions properly whether the party against whom exception is directed has a legal interest in the subject matter of the litigation. LSA-C. C.P. art. 927(5), Johnson v. Iowa Rice Dryer, Inc., 226 So.2d 194 (La.App. 1st Cir., 1969).
As a matter of law, the bare exception itself and the decision thereon are more applicable to that portion of the claim, than to the issue presented to us on appeal, which strikes us as being subject to the peremptory exception of no cause of action. LSA-C. C.P. art. 927.
The major point in this issue is the effect of the amended petition filed on March 20, 1970. The pertinent codal article is LSA-C.C.P. art. 1151. It provides that the plaintiff may amend his petition without leave of court at any time before the answer thereto is served. Otherwise, the petition may be amended only by leave of court or by written consent of the adverse party. The amended petition in this case was filed without leave of court and without consent of the adverse party. An answer had already been filed and served by the other defendants, and an exception filed by this defendant.
It is argued to us by the defendant-ap-pellee that we can only consider the original petition of plaintiff in our examination into the judgment rendered below. He contends that there are no allegations therein relating to the sole negligence of the unidentified driver, but only allegations of joint negligence of the unidentified driver with the Red Ball driver. He urges that under the principles of the case of Fouquier v. Travelers Insurance Company, 204 So.2d 400 (La.App. 1st Cir., 1967), the defendant insurer providing uninsured motorist coverage must be released from the case because it cannot be held in solido with the other defendant as a joint tort-feasor.
We note that the original petition does indeed recite only the joint negligence of the unidentified driver. Allegations, in the alternative, of his sole negligence being the sole and proximate cause of the injuries, appear only in the amended petitions filed herein. Therefore, a consideration of the original petition alone may lead us to maintain a proper exception; whereas, a consideration of the original and the amended petitions together may lead to the opposite result.
While we are divided in our opinion as to whether the answer filed by any one of the multiple defendants has the effect of prohibiting completely the filing of an amended petition without proper permission, we are unanimous in our opinion that in this case the exceptor cannot maintain *446 such a complaint. In this case, the defendants who answered do not complain; and, apparently, the case is proceeding to trial without their even pleading to the amended petition. Certainly the complaint of the answering defendants would require us to disregard the amended petition insofar as it applies to them. However, the amended petition clearly applies only to the status of the exceptor and is an attempt to supply allegations consistent with the prayer of the original petition so as to state a cause of action in the alternative, against exceptor alone. His exception is not sufficient to prohibit filing of an amended petition without permission. We conclude, therefore, that the amended petition must be considered in our ruling on the exception.
Additionally, we note that the exception filed is a peremptory exception, and whether it be no right of action or no cause of action, the effect of maintaining it is governed by the provisions of LSA-C.C.P. art. 934:
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”
It is obvious from the record that the grounds of the objection can be removed by a proper amending petition supplying the necessary alternative allegations of negligence of the unidentified driver alone so as to make him solely liable. The trial judge should have afforded plaintiff an opportunity to properly amend his petition. Campbell v. Wright Adams Realty Co., 220 So.2d 755 (La.App. 1st Cir., 1969).
For the reasons discussed above, we are of the opinion that the judgment maintaining the exception of no right of action, dismissing plaintiff’s suit as to Travelers Insurance Company without prejudice is incorrect and should be reversed.
Therefore, it is ordered, adjudged and decreed that the exception of no right or cause of action filed by Travelers Insurance Company be overruled and dismissed and that this matter be remanded to the lower court for further proceedings.
Reversed and remanded.