COVINGTON, Judge:
This action for personal injuries was originally brought by the plaintiff, Fred Wom-ack, on May 22, 1975 against the defendant, Day Sanitary Service, Inc., for damages allegedly sustained on December 16, 1974 by the plaintiff when he tripped over a wire tying down a portable toilet. The injuries were allegedly caused by the negligent manner in which the portable toilet was left tied down by defendant Day Sanitary, which was allegedly a subcontractor for plaintiff’s employer, Bechtel, Inc., maintaining the portable toilets on the work premises. On August 1,1975, defendant Day Sanitary filed an answer in the nature of a general denial, together with an affirmative defense of contributory negligence. Thereafter, on October 20, 1975, plaintiff, without obtaining leave of court, filed a pleading purporting to be a “supplemental and amending petition” in which the appel-lee, Wilbur Crane d/b/a Travel Can Company, was named an additional defendant. It was not until December 31,1975 that Crane was served. Then, on January 12, 1976, plaintiff dismissed his action against Day Sanitary without prejudice. Subsequently on April 30, 1976, the appellee filed an exception entitled “Lack of Jurisdiction in Personam and Insufficiency in Service of Process,” setting out that the appellee was named as defendant by supplemental and amending petition, but that the pleading, was ineffectual because LSA-C.C.P. art. 1151 requires prior leave of court to file such a pleading and no court order was obtained. On the same date the appellee also objected to the venue of the court, but the venue objection was later withdrawn.
On June 25, 1976, the trial judge sustained the exception to the jurisdiction and process, and dismissed the plaintiff’s action without assigning written reasons for judgment. Judgment of dismissal was signed on June 28, 1976, and the plaintiff has appealed this judgment. We affirm.
The record shows, and it is not disputed by plaintiff, that no court order or leave of court was obtained permitting the amended petition in the instant suit. The plaintiff-appellant does not contend that the appel-lee, Wilbur Crane d/b/a Travel Can Company, granted consent to amendment of the pleadings; however, he does contend that he obtained the written consent of the original defendant, Day Sanitary, to the amendment. The appellant also contends that the appellee could not have been prejudiced by *233 the failure to obtain previous permission of the court, because “had he applied to the trial court for permission to amend it would no doubt have been granted automatically.”
Under the provisions of LSA-C.C.P. art. 1151, a plaintiff may amend his petition without permission of the court anytime before the answer is served; after the serving of the answer, a plaintiff must obtain leave of court, or written consent of the adverse party, for amendment of the petition.
We have previously had occasion to rule in the situation where leave of court was not obtained when such leave was required. In Campbell v. Wright Adams Realty Co., 220 So.2d 755 (La.App. 1 Cir. 1969), the plaintiff filed suit on' May 7, 1965, against defendants, Willis G. Adams and Wright Adams Realty Co. as a domestic corporation. Answer was filed, and the matter came on for trial on May 10, 1966. On the trial the evidence showed that Wright Adams Realty Co. was a partnership composed of Willis Adams and Wright Adams. Defendants thereupon filed a peremptory exception based on the failure to join the partners and partnership as defendants. The court sustained the exception of non-joinder of an indispensable party and dismissed as of non-suit. No judgment of dismissal was signed by the court. Thereafter, on February 6, 1967, the plaintiff, without leave of court or written consent of the adverse party, amended his petition making the partnership and the individual partners defendants in the action. In Campbell, we ruled:
“It has been rightly held that an amended petition filed without leave of court when such permission is required, may not be considered. In legal contemplation an amended petition so filed is totally without effect and is deemed not to have been filed at all. La. C.C.P. Article 1151; Martino v. Fair burn, La. App., 71 So.2d 358. It follows that the amended petition filed herein on February 6, 1967, is totally lacking in legal efficacy.”
The case of Montgomery v. Red Ball Motor Freight, Inc., 245 So.2d 443 (La.App. 4 Cir. 1971), relied upon by appellant is clearly inapposite. In Montgomery the suit was against multiple defendants. Some of the defendants answered and one defendant, the plaintiff’s medical payments insurer, filed an exception. Then, without permission of the court or consent of any of the defendants, the plaintiff amended the petition to allege an alternative claim against the plaintiff’s insurer for uninsured-motorist coverage. The court found that since the insurer had only excepted and not yet answered, the amended petition was applicable to the insurer. The court considered the amended petition only for purposes of the exception and remanded the case to the trial judge, saying:
“It is obvious from the record that the grounds of the objection can be removed by a proper amending petition supplying the necessary alternative allegations of negligence of the unidentified driver alone so as to make him solely liable. The trial judge should have afforded plaintiff an opportunity to properly amend his petition. Campbell v. Wright Adams Realty Co., 220 So.2d 755 (La.App. 1st Cir., 1969).”
Inasmuch as the answer had been filed in the instant case and the plaintiff amended his petition without leave of court, we must hold the amended petition filed herein without legal effect, unless the plaintiff can establish that he had the written consent of the adverse party for such amendment.
To show that he had the requisite consent, the plaintiff sets out in his brief at page 1:
“After issue was joined both plaintiff and defendant made extensive discovery in an effort to definitely ascertain the owner of the toilet in question and the party responsible for the wire. On or about August 14, 1975, defendant, Day’s Sanitary Service, Inc., through its attorney, John S. White, wrote to plaintiff’s counsel advising that Day had nothing to do with plaintiff’s injury and that Travel Can *234 Corporation actually maintained the toilet in question. In support of this letter, Mr. White enclosed statements from the job supervisor and the job steward for plaintiffs employer verifying this fact. On October 17, 1975, defendant’s counsel again wrote plaintiff’s counsel informing that Travel Can Corporation and not Day’s Sanitary Service was the owner of the toilet in question. After further investigation, plaintiff filed a supplemental and amending petition on October 20, 1975 bringing Travel Can Corporation as a defendant . . .”
The letters referred to by plaintiff’s counsel are not in the record and there is nothing in the record to indicate that defendant Day Sanitary consented to the amendment of the pleadings.
On the question of written consent, the appellee asserts that the letters do not show that Day Sanitary’s counsel consented to the amendment. In appellee’s brief we find at page 3:
“Quoting in part from Day’s Sanitary Service, Inc.’s attorney letter of October 17, 1975, addressed to the plaintiff’s attorney, his position is clearly evident: “ ‘My position is and has been that you sued the wrong company as owner of the portable unit involved in your client’s accident; and that the owner of that unit appears from the investigations made by you and by me to be Travel .Can; but that it is extremely doubtful that even that company is liable to your client. I do not want to be understood as suggesting that you sue anybody.’ ” (Emphasis supplied in the brief)
It seems clear that the plaintiff did not have the written consent of the only defendant at that time, Day Sanitary, to file an amended petition. There is in fact nothing in the record to show any consent to the filing of amended pleadings.
We feel that where the plaintiff claims to have obtained the written consent of the adverse party to an amendment of the pleadings, he has the burden of proving such consent. The plaintiff has failed to sustain that burden in the instant case.
In response to the appellant’s assertion that the trial court would no doubt have automatically granted him permission to amend the petition if he had applied for it; we need only say no such application was made.
We do not believe that the mandate of LSA-C.C.P. art. 5051 to construe liberally the procedural articles of the code extends an open invitation to the courts to ignore the express rules of procedure. Article 1151 of the Code of Civil Procedure expressly draws a distinction between the amendment of the petition prior to answer being served and the amendment after the answer has been served. There is sound procedural basis for the distinction. For instance, absent a requirement of the permission of the trial court to amend the petition to add another party defendant would leave open the opportunity for the plaintiff to amend his petition to bring in an additional defendant at any time without permission of the court. Such an amendment could then take place at the last minute before the trial date, thus delaying the ultimate outcome of the case, and taking away from the trial judge that necessary control which he must have over the proceedings. Unrestrained amendment powers left in the hands of the parties could only lead to disruption of the orderly judicial process. Justice incorporates, rather than rejects, the concept of orderly procedure.
For the foregoing reasons, we affirm the trial court’s judgment, sustaining the exception and dismissing the plaintiff’s suit herein, at plaintiff-appellant’s costs.
AFFIRMED.