_|iBROWN, Judge.
David Temple appeals a judgment granting an exception of prescription and dismissing his damage claim against defendants, Roy Brice and State Farm Insurance Company. We reverse and remand.

FACTS

On June 22, 1991, while traveling on 1-20 in Webster Parish, David Temple was involved in a two vehicle accident. Richard Ferguson and two minors were passengers in Temple’s car. Six months following the accident, in December 1991, a lawsuit was filed on behalf of Temple, Ferguson and the two minors against Roy Brice, the driver of the second car, and his insurer, State Farm Insurance Company.
Attorney Daniel Parker represented all plaintiffs; however, within a month and before an answer was filed, attorney Parker filed a document captioned “First Amending Petition” which stated:
... that David Temple had retained other counsel after amicable discussion with all parties herein [presumably the other plaintiffs], and prior to the filing of this suit- (emphasis ours).
This amending petition stated that “petitioners desire” to amend the petition by deleting David Temple’s name from all pertinent paragraphs.
Thereafter, defendants answered the plaintiffs’ pleadings assei’ting the defenses of “comparative or contributory negligence” of David Temple. On June lb, 1993, a second amended petition was filed by Parker on behalf of the passengers in Temple’s car seeking judgment against David Temple and Louisiana Insurance Guaranty Association (LIGA) “jointly, solidarity and severally” with the original defendants. The original defendants responded Rwith cross-claims against Temple and LIGA. Through its attorney, Kelly Strickland, LIGA answered with its own cross-claim against Brice and State Farm.
Other than the original petition, Temple had not appeared in this action. On January lb, 199b, Temple through his attorney, Kelly Strickland, filed a reconventional demand and cross claim against the original defendants, Brice and State Farm.
Brice and State Farm filed an exception of prescription to Temple’s demands alleging that the first amending petition erased David Temple as a party in the original action; thus, Temple’s claim prescribed on June 22, 1992.[1] The trial court agreed, sustaining the exception of prescription, and dismissed Temple’s demands with prejudice. It is from this judgment that David Temple has appealed.

DISCUSSION

In the first amending petition, attorney Daniel Parker asserted that he never represented Temple. Thus, the issue presented is whether Parker’s unilateral assertion and deletion operated to dismiss Temple’s lawsuit. In Sterling v. Jones, 255 La. 842, 233 So.2d 537 (1970), the supreme court recognized the right of an attorney to discontinue his representation at any stage of the proceedings. The coux*t noted, however, that *713 in withdrawing from the attorney-client relationship, the attorney owes a duty to the client he has represented not to waive any substantial right or do any other act contrary to the interests of his former client. Furthermore, in the absence of special |3circumstances, an attorney should not be allowed to withdraw pleadings filed on the client’s behalf during the attorney-client relationship and then ask that the opposing party be allowed to proceed as if no pleadings had ever been filed.
Attorney Parker timely instituted this lawsuit against defendants on behalf of David Temple and his three passengers. Approximately one month later, Parker filed an amending petition as an attempt to withdraw from his representation of Temple and have Temple dismissed from the lawsuit. Unlike Sterling v. Jones, stipra, Parker stated that he, in fact, did not represent Temple when the action was filed. The pleading, however, did not contain any confirmation by Temple. Two years later, Parker again amended the petition to add Temple as a defendant.
Complicating the issue is the rule that pleadings may be amended without leave of court prior to an answer being filed. The pleading at issue, seeking to delete or erase Temple’s name from the original petition, is, for practical purposes, an attempt by Parker to withdraw as Temple’s legal counsel, and dismiss Temple’s action. The trial court recognized the true nature of the situation and stated, “Mr. Parker should have filed a Motion to Withdraw and filed in the record proof that he notified his client, or alleged client. That would have made it much clearer and cleaner.”
If Temple’s attorney desired to withdraw his representation, he should have filed a motion to withdraw with proof that Temple was notified and understood the consequences of the action. The record contains neither a |4motion to withdraw nor an order allowing Parker to withdraw as Temple’s attorney.
Further, there is no motion for dismissal or judgment dismissing Temple from the lawsuit. A dismissal without prejudice is a final judgment which requires a signed order and notice. Dusenbery v. McMoRan Exploration Co., 425 So.2d 249 (La.App. 1st Cir.1982); Hill v. Hill, 575 So.2d 886 (La. App. 2d Cir.1981). An amending petition is not a substitute for either a motion to withdraw or a motion to dismiss.

CONCLUSION

Because the filing of the original petition interrupted prescription and the attempted dismissal was ineffective, the trial court was wrong to grant the exception of prescription. Under these circumstances, the judgment granting the exception of prescription is reversed and this matter is remanded for further proceedings.
REVERSED and REMANDED.
HIGHTOWER, J., dissents with written reasons.

. LSA-C.C. Art. 3492.