McCLENDON, J,
lain this case, the plaintiffs appeal a trial court judgment, which granted in part and denied in part the motion for summary judgment filed by the defendant uninsured motorist carrier. For the reasons that follow, we maintain the appeal and affirm the judgment of the trial court.
FACTUAL AND PROCEDURAL BACKGROUND
On January 19, 2011, Michael Gaspard, Jr., and his wife, Jennifer, were pushing a grocery cart with their infant son, Adam, in a car seat, in the marked pedestrian zone in front of the Winn-Dixie supermarket on Main Street in Covington, Louisiana, when a vehicle driven by Anna M. Lewis struck Michael and Adam.
On May 11, 2011, Jennifer G. Gaspard, wife of/and Michael- Gaspard, Jr., individually and on behalf of their minor child, Adam B. Gaspard, filed a petition for damages against several defendants, including GEICO General Insurance Company (GEICO), the plaintiffs’ uninsured motorist (UM) carrier.[1] GEICO answered the peti *1130 tion on June 30,2011. On September 21, 2011, GEICO tendered its policy limits of $30,000.00 to the plaintiffs.[2] Thereafter, on December 8, 2014, GEICO filed a motion for summary judgment. In its motion, GEICO contended that the only remaining issue between the plaintiffs and GEICO was the amount of judicial interest owed by GEICO in its capacity as the UM insurer. While GEICO admitted it owed judicial interest, it claimed that it was only required to pay interest on its policy limits of $30,000.00.
On February 24, 2015, subsequent to the filing of GEICO’s motion for summary judgment, the plaintiffs filed a “Supplemental and Amending Petition” wherein they alleged that GEICO failed to make a sufficient tender of benefits under the policy and requested penalties and attorney fees. Then, on March 4, U2015, the plaintiffs filed an opposition to the motion for summary judgment, maintaining that the UM section of the GEICO insurance policy did not contain any limiting language regarding judicial interest. They asserted that the supplemental payment provisions regarding interest referred to by GEICO were found in the liability coverage portion of the policy and were inapplicable to UM coverage. Instead, the plaintiffs pointed to the language in the UM section of the policy, which provided for the payment of damages for bodily injury caused in an accident by the operator of an uninsured motor vehicle, and argued that those damages would include interest on the entire amount of the damages attributable to Ms. Lewis, the uninsured driver. The plaintiffs also asserted that GEICO had not tendered the amount owed under the policy because it had not paid an additional amount to cover legal interest on the entire amount of the damages at the time of its tender.
The trial court held the hearing on the motion for summary judgment on March 12, 2015, after which it granted the motion in part and denied the motion in part. The trial court signed a judgment on April 1, 2015, finding that GEICO was only obligated to pay judicial interest on its policy limits of $30,000.00. The trial court then rendered judgment in favor of the plaintiffs and against GEICO for judicial interest in the amount of $4,606.03, plus court costs.
Subsequently, the trial court issued written reasons for judgment on April 13, 2015. In addition to finding that interest should be calculated only on GEICO’s policy limits and that it should run from the date of judicial demand until payment, the trial court also found, with regard to penalties and attorney fees, that GEICO was “not unreasonable in failing to tender interest at an earlier time.”[3]
The plaintiffs have appealed, assigning as error, 1) the grant of summary judgment holding that judicial interest should only be calculated on the principal |4sum of $30,000.00, and 2) the dismissal of the plaintiffs’ claims for penalties and attorney fees.
RULE TO SHOW CAUSE
On October 2, 2015, this Court, ex pro-prio motu, issued a rule to show cause order to determine whether the April 1, 2015 judgment, which appeared to be a *1131 partial judgment and was without the designation of finality required by LSA-C.C.P. art. 1915 B, was a final appealable judgment. The trial court was invited to provide a per curiam advising this Court why the judgment was a final judgment. On October 13, 2015, the trial court responded stating that “all other matters have been resolved between the parties” and “[tjherefore the issue is properly before the First Circuit at this time.” The order was amended on October 22, 2015, to correct the name of the defendant to GEI-CO. After the plaintiffs responded to the show cause order, another panel of this Court, on December 18, 2015, issued an action maintaining the appeal, but reserving for the merits panel a final determination as to' whether the instant appeal should be maintained. Therefore, we must first address our appellate jurisdiction.
Subsequent to the filing of GEI-CO’s motion for summary judgment, the plaintiffs filed a “Supplemental and Amending Petition” asserting for the first time a claim for penalties and attorney fees. Therefore, at first glance, it does not appear that “all other matters have been resolved” by the parties, as the denial of penalties and attorney fees was not included in the judgment.[4] Further, there was no LSA-C.C.P. art. 1915 B designation by the trial court. However, LSA-C.C.P. art. 1151 provides that after the serving of the answer, a plaintiff must obtain leave of court, or written consent of the adverse party, for amendment of the petition. Womack v. Day Sanitary Service, Inc., 343 So.2d 231, 233 (La.App. 1 Cir.), unit not considered. 345 So.2d 1192 (1977). An amended petition filed without leave of court, when such permission is required, may not be considered. Campbell v. Wright Adams, Realty Co., 220 So.2d 755, 757 (La.App. 1 Cir.1969). “[A]n amended petition so filed is totally without effect and is deemed not to have been filed at all.” Id. See also Morgan v. ABC Manufacturer, 93-701 (La.App. 5 Cir. 3/16/94), 637 So.2d 1076, 1079; Carolina Cas. Ins. Co. v. John Day House Movers, Inc., 525 So.2d 116 (La.App. 3 Cir.1988). Likewise, the court may permit the plaintiff to file a supplemental petition only on motion of a party, upon reasonable notice and upon such terms as are just. LSA-C.C.P. art. 1155. Therefore, after an answer has been filed, and without the written consent of the adverse party, the authorization of the filing of a supplemental and/or amending petition is within the discretion of the trial court. See Harris v. Union Nat. Fire Ins. Co., 14-1603 (La.App. 1 Cir. 6/18/15), 175 So.3d 1008, 1012.
The record shows that GEICO answered the petition prior to the filing of the plaintiffs’ “Supplemental and Amending Petition.” No court order or leave of court was obtained permitting the petition in question to be filed on February 24, 2015.[5] Nor was there any written consent of the adverse party.[6] Because the plaintiffs have not provided any court order allowing the filing of the pleading, nor the written consent of GEICO, as required by LSA-C.C.P. art. 1151, any amendment to the petition at issue is totally without effect and is deemed not to have been filed at all. See Campbell, 220 So.2d at 757. *1132 Similarly, if the pleading constituted a supplement, the procedural requirements were not met, as no motion was filed as required by LSA-C.C.P. art. 1155. See Hards, 175 So.3d at 1012-13. Accordingly, the “Supplemental and Amending Petition” was without effect. Therefore, the April 1, 2015 judgment resolved all matters properly before the trial court, and we affirm the earlier action of this Court maintaining the instant appeal.
I «SUMMARY JUDGMENT
Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, together with. the affidavits, if any, admitted for purposes of the motion for summary judgment, show there is no genuine issue as to material fact and that the movant is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B(2); Tomaso v. Home Depot, U.S.A., Inc,, 14-1467 (La.App. 1 Cir. 6/5/15), 174 So.3d 679, 681.[7] The burden of proof remains with the movant. LSA-C.C.P. art. 966C(2). However, if the mov-ant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require that he negate all essential elements of the adverse party’s claim, action, or defense. Instead, the movant must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he .will be able to satisfy his evidentiary burden of proof at trial. If he fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment. Id.
In determining whether summary judgment is appropriate, an appellate court reviews á trial court’s grant of summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Janney v. Pearce, 09-2103 (LaApp. 1 Cir. 5/7/10), 40 So.3d 285, 289, writ denied, 10-1356 (La.9/24/10), 45 So.3d 1078.
Interpretation of an insurance policy usually involves a legal question that can be properly resolved in the framework of a motion for summary judgment. Bonin v. Westport Ins. Corp., 05-0886 (La.5/17/06), 930 So.2d 906, 910. An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Le-Blanc v. Aysenne, 05-0297 (La.1/19/06), 921 So.2d 85, 89.
The Civil Code provides that interpretation of a contract is the determination of the common intent of the parties and when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. LSA-C.C. arts. 2045 and 2046. Therefore, in interpreting an insurance policy, the words of the policy should be given their generally prevailing meaning, and words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract. LSA-C.C. arts. 2047 and 2048. Each pro *1133 vision of the policy must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole, and it must be interpreted to cover only those things it appears the parties intended to include. LSA-C.C. arts. 2050 and 2051; Ridenour ex rel. Ri-denour v. Reed, 05-1849 (La.App. 1 Cir. 9/20/06), 944 So.2d 584, 586. Therefore, we first examine the insurance contract.
The plaintiffs argue that the following language in the UM section of the GEICO policy, under the heading “Losses We Pay,” is the applicable provision regarding interest for UM claims:
Under the Uninsured Motorists Bodily Injury Coverage we will pay damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle, underin-sured motor vehicle or hit-and-run motor vehicle arising out of the ownership, maintenance or use of that auto.
The plaintiffs maintain that this language provides UM coverage that allows the recovery of interest on the entire amount of the damages attributable to the uninsured motorist.
In this regard, we are guided by the LeBlanc decision wherein the Louisiana Supreme Court reaffirmed that insurance contracts are to be read as a whole. The supreme court.further determined that, a provision in an insurer’s |spolicy that the insurer will pay “all sums” in one specific section pertaining to UM coverage was logically clarified by the provision setting forth the limit of liability pertaining to UM coverage. The supreme court concluded that the two provisions of the contract at issue, when read together, contained no ambiguities and clearly provided that the insurer’s obligation, under the UM provision of the policy, was limited to its policy limit. LeBlanc, 921 So.2d at 90-91.[8]
Similarly, in the present case, when examining the entirety of the policy pertaining to UM coverage, the language cited by the plaintiffs is limited by language in the section'discussing GEICO’s “Limits of Liability.” The wording of this section is clear and unambiguous:
The limit of liability for Uninsured Motorists Bodily Injury Coverage stated in the declarations for “each person” is the limit of our liability for all damages, including those for care or loss of services, due to bodily injury sustained by one person as the result of one accident.
Thus, because it is undisputed that GEI-CO’s policy limit under the UM provisions of its policy is $30,000.00, GEICO’s liability would be limited to that amount.
The plaintiffs make the novel argument that because the UM portion of the insurance policy lacks a supplemental payment provision, they are entitled to interest on the full .amount of any excess judgment. However, we find no statutory or jurisprudential authority for this position.
Louisiana Revised Statute 22:1295 requires that an insurance policy provide UM coverage “in not less than the limits of bodily injury provided by the policy ... however, the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage.” The purpose of this statute is to promote full recovery for in- • nocent accident ■ victims by making UM coverage available for their benefit. See Martin v. Champion Ins. Co., 95-0030 (La.6/30/95), 656 So.2d 991, 995. The stat *1134 ute mandates that, in the absence of a valid written rejection or the | ^selection of other limits, UM coverage is equal to the amount of liability coverage. Id.[9]
. Moreover, . when a liability insurer is held liable, it pays on behalf of its insured not only the principal policy limits, but also any additional benefits provided for in the supplemental payment provisions. Thus, the actual liability coverage provided under the contract is the policy limits together with the benefits contained in the supplemental payment provisions. Martin> 656 So.2d at 995. Because LSA-R.S. 22:1295 requires, in the absence of a valid written waiver, UM coverage equal to liability coverage, it follows that “equal” UM coverage includes the policy limits' as well as the benefits contained in the supplemental payment provisions. Id. -
As the supreme court stated in LeBlanc:
It is well settled that an insurer has the right to limit liability- and impose conditions or restrictions under a policy provided such limitations do not conflict with statutory provisions or public policy. Reynolds■ v. Select Properties, Ltd., 93-1480, p. 3 (La.4/11/94); 634 So.2d 1180, 1183. [LSA-] R.S. 13:4203 imposes the requirement that all liability insurers are liable for interest on their policy limits from the date of judicial demand. Martin v. Champion, 95-0030 p. 8 (La.6/30/95); 656 So.2d 991, 996. Any provision of an insurance policy which enhances the liability coverage to the benefit of the insured must be included within the ambit of the UM coverage. Martin v. Champion Ins. Co., 95-0030 p. 4, 656 So.2d at 995. As such, insurers utilize supplemental" payment provisions to outline their obligations regarding interest payments and courts must refer to supplemental payment provisions when determining a UM carrier’s interest liability. Martin v. Champion Ins. Co., 95-0030 p. 11, 656 So.2d at 998.
LeBlanc, 921 So.2d at 91.
In this matter, GEICO asserts that the following provision found in the liability portion of its insurance policy is the applicable supplemental payment provision regarding interest:
3. Pre-judgment interest—all interest accruing on that amount of a judgment not exceeding our limit of liability from the date of judicial demand until the date of judgment.
|1fl4. Post-judgment interest—All interest accruing on the amount of a judgment from the date of judgment until we have paid, offered or deposited in court that part of the judgment not exceeding the limit of our liability.
According to GEICO, this unambiguous and explicit language in its policy makes it clear that GEICO is only obligated to pay judicial interest on its policy limits of $30,000.00 for this UM claim.
Upon our de novo review of the record, we agree with GEICO. The supplemental payment provision requires payment of interest in a liability suit. Said provision does not conflict with any statutory requirement or public policy. There being no UM waiver, the supplemental payment provision requires that such interest be paid under the plaintiffs’ UM coverage. We find nothing in the insurance contract nor any statute requiring payment of interest on anything more than the policy limits. Reading GEICO’s policy in conjunction with LSA-R.S. 22:1295, it is clear that GEICO will pay its policy limits together with all interest “on that amount of *1135 a judgment not exceeding our limit of liability.” Therefore, GEICO was required to pay interest pursuant to its supplemental payment provision on its policy limit of $30,000.00 from the date of judicial demand until paid. Accordingly, the trial court’s summary judgment finding that interest should only be calculated on GEI-CO’s policy limits of $30,000.00 from the date of judicial demand was correct as a matter of law, and this assignment of error lacks merit.
PENALTIES AND ATTORNEY FEES
The plaintiffs also assert that that the trial court erred in dismissing their claims for penalties and attorney fees under LSA-R.S. 22:1892 and 22:1973. Because there is no claim pending for penalties and attorney fees, as previously discussed, we need not address this assignment of error. Furthermore, in light of our holding herein, even were we to address same, we would find no error.
CONCLUSION
Considering the foregoing, we affirm the trial court’s judgment of April 1, 2015. Costs of this appeal are assessed to the plaintiffs, Jennifer G. Gaspard, wife Inof/and Michael Gaspard, Jr., individually and on behalf of their minor child, Adam B. Gaspard.
APPEAL MAINTAINED; JUDGMENT AFFIRMED.

. We note that Ms. Lewis, also a named defendant, was listed as an excluded driver in the Insurance policy of the owner of the vehi *1130 cle, and was subsequently dismissed from the lawsuit on December 4, 2012.

. The record shows that $15,000.00 was tendered to Mr. Gaspard, $12,000.00 to Mrs. Gaspard, and $3,000.00 to Mr. and Mrs. Gas-pard on behalf of Adam.

. Similarly, we note that the trial court stated at the hearing on the motion for summary judgment that it "decline[d] to award attorney's fees or penalties in this particular circumstance.” However, it did not incorporate this ruling into the judgment.

.It is well settled that a trial court’s oral or written reasons for judgment form no part of the judgment and that appellate courts review judgments, not reasons for judgment. See LSA-C.C.P. art. 1918; Bellard v. American Cent. Ins. Co., 07-1335 (La.4/18/08), 980 So.2d 654, 671.

. The plaintiffs filed two earlier "Supplemental and Amending” petitions, but those petitions are not at issue.

. We also note that GEICO did not file an answer to the supplemental and amending petition in question.

. The summary judgment law was recently amended by 2015 La. Acts No. 422, but the provisions of Act 422 do “not apply to any motion for summary judgment pending adjudication or appeal on [January 1, 2016].”

. While we note some factual distinctions in the LeBlanc case, the analysis is nevertheless applicable.

. At the time Martin was decided, the applicable statute was LSA-R.S. 22:1406 D. However, LSA-R.S. 22:1406 D was redesignated as LSA-R.S. 22:680 by 2003 La. Acts No. 456, § 3, and thereafter, LSA-R.S. 22:680 was re-designated as LSA-R.S. 22:1295 by 2008 La. Acts, No. 415, § 1 and 3, effective January 1, 2009.