DEJUAN D. KENDRICK, INDIVIDUALLY AND AS TUTRIX OF HER MINOR CHILD, JUELZ AMYRION KENDRICK

VERSUS

ESTATE OF ANTHONY MICHAEL BARRE, ANGEL C. BARRE, BARBARA C. BARRE AND STANFORD BARRE

* NO. 2020-CA-0474

* COURT OF APPEAL

* FOURTH CIRCUIT

* STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-07281, DIVISION "H-12"
Honorable Monique E. Barial, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)

**LEDET, J. CONCURS WITH REASONS**
**BARTHOLOMEW-WOODS, J. CONCURS**

Hester R. Hilliard
HILLIARD LAW FIRM
1 Galleria Boulevard, Suite 1900
Metairie, LA 70004

    COUNSEL FOR PLAINTIFF/APPELLANT

Roy J. Rodney, Jr.
John Karl Etter
935 Gravier Street, Suite 2110
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLEE

       **JUDGMENT REVERSED AND REMANDED**

**JUNE 9, 2021**

*SCJ*

Dejuan Kendrick, individually and as tutrix of her minor son, appeals the trial court's March 28, 2019 judgment, granting and sustaining defendants' peremptory exceptions of prescription, no right of action, and no cause of action, and dismissing plaintiffs' petition for filiation and child support. For the reasons that follow, we reverse the trial court's March 28, 2019 judgment and remand this matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2018, Dejaun Kendrick, individually and as tutrix of her minor son (collectively "plaintiffs") filed a "Petition for Filiation, Recovery of Inheritance, Child Support and Damages." Named as defendants were the Estate of Anthony Michael Barre, Angel Barre, Stanford Barre, and Barbara Barre (collectively "defendants"). Ms. Kendrick alleged that Anthony Michael Barre is the father of her son and that Mr. Barre was killed on November 14, 2010 after attending their son's baby shower. Ms. Kendrick further alleged that in 2016, the Estate of Anthony Michael Barre filed suit in federal court against Beyoncé Knowles Carter for the unauthorized use of material of the late Mr. Barre; and they settled for a substantial amount of money.[1] The plaintiffs alleged that Angel, Barbara, and Stanford Barre's action in the federal lawsuit resulted in the deprivation of inheritance for the minor child.

The relief sought in the petition includes, but is not limited to the following: (1) that the estate be ordered to provide child support; (2) that the estate be made responsible for its pro-rata share of extraordinary medical expenses of the minor

---

[1] *Estate of Barre v. Carter*, CV 17-1057 (E.D. La).

child; (3) that the minor child be recognized as the child of Anthony Michael Barre; (4) that the name of Anthony Michael Barre be listed on the minor child's birth certificate; (5) that the child's surname be changed to Barre; (6) that Angel C. Barre pay to the minor child any and all inheritance she recovered as the heir of the Estate of Anthony Michael Barre; (7) that damages be awarded to the minor child in the same amount as the amount recovered by Angel C. Barre as damages for the action of the defendants, Angel, Barbara and Stanford Barre; and (8) that the plaintiffs are entitled to punitive damages for the acts and omission of the defendants, including fraud and/or ill practices.

On October 3, 2018, defendants filed separate declinatory and dilatory exceptions. The Estate of Michael Anthony Barre filed exceptions of insufficiency of citation and service, lack of subject matter jurisdiction, non-conformity of the petition with La. C.C.P. art. 891, vagueness or ambiguity of the petition, and improper cumulation of actions. Angel Barre filed exceptions of insufficiency of service, lack of subject matter jurisdiction, non-conformity of the petition with La. C.C.P. art. 891, vagueness or ambiguity of the petition, and improper cumulation of actions. Barbara and Stanford Barre filed exceptions of lack of subject matter jurisdiction, non-conformity of the petition with La. C.C.P. art. 891, vagueness or ambiguity of the petition, and improper cumulation of actions. On November 9, 2018, plaintiffs filed an *ex parte* motion for blood or tissue sampling for determination of paternity. On the same date, plaintiffs filed a motion to set hearing on filiation and to establish an order of child support.

On December 11, 2018, defendants filed peremptory exceptions of prescription, no right of action, and no cause of action. On January 9, 2019, prior to the court hearing defendants' exceptions and ruling on plaintiffs' motions,

plaintiffs filed a pleading with the caption "Amended and Supplemental Petition for Filiation and Child Support." The pleading named as defendants the Estate of Anthony Michael Barre and Angel Barre. The claims for relief in the pleading include: (1) request for child support; (2) request that the minor child be recognized as the child of the decedent, Anthony Michael Barre; (3) that the name of Anthony Michael Barre be listed on the minor child's birth certificate; (4) that the child's surname be changed to Barre; and (5) that the Estate of Anthony Michael Barre and Angel Barre as succession representative and sole heir of the estate, be responsible for its pro-rata share for its extraordinary medical expenses of the minor child.

On January 10, 2019, the trial court held a hearing on the defendants' exceptions and the plaintiffs' motions. Judgment was entered on March 28, 2019. All causes of action against Barbara and Stanford Barre were dismissed. The trial court sustained defendants' peremptory exceptions of prescription, no right of action, and no cause of action. The trial court also denied the plaintiffs' motion to set a hearing on the claim for filiation, to establish an order for child support, and motion for blood or tissue sampling. Plaintiffs timely appeal the March 28, 2019 judgment.

**DISCUSSION**

Plaintiffs raise four assignments of error:

(1) The Trial Court erred in sustaining and granting the Peremptory Exceptions of Prescription, No Right of Action and No Cause of Action filed by the Estate of Anthony Michael Barre, Angel C. Barre, Barbara C. Barre and Stanford Barre as to Plaintiff's Petition for Filiation and Child Support.

(2) The Trial Court erred in dismissing the Plaintiff's Petition for Filiation and Child Support as untimely and preempted under Louisiana Law and

4

further ruled that Plaintiff was not allowed to pursue an action for Filiation or Child Support.

(3) The Trial Court erred in denying Plaintiff's Motion to Set the Hearing on Filiation and to Establish an Order of Child Support.

(4) The Trial Court erred in denying Plaintiff's Motion for Blood or Tissue Sampling for Determination of Paternity.

We begin our discussion by addressing two fatal errors in the trial court's judgment. The first error we note is the dismissal of parties and causes of action absent a motion by the party plaintiff petitioning the court for voluntary dismissal pursuant to La. C.C.P. art. 1671. The second error we note is the erroneous consideration of a pleading not properly before the court.

**Dismissal of Parties**

A trial court is unable to dismiss claims from the suit on its own motion unless authorized circumstances apply. *Dahan Novelties & Co., LLC v. Ohio Cas. Ins. Co.*, 2010-0626, p. 8 (La. App. 4 Cir. 10/20/10), 51 So. 3d 129, 135.

The trial court, without any legal authority, dismissed two parties:

IT IS ORDERED, ADJUDGED AND DECREED that plaintiffs' claims against Stanford Barre and Barbara Barre be and are hereby DIMISSED, as Plaintiffs filed an Amended and Supplemental Petition for Filiation and Child Support on January 9, 2019, which deleted claims against Stanford Barre and Barbara Barre, and plaintiffs' counsel represented to the Court that plaintiffs voluntarily dismissed their claims against Stanford Barre and Barbara Barre.

La. C.C.P. art. 1671 and 1672 govern voluntary and involuntary dismissals. The trial court has limited authority to dismiss a lawsuit on its own motion. Ultimately, pursuant to the applicable codal articles, "[t]he motion of the party plaintiff is required for a voluntary dismissal." *Dahan Novelties & Co., LLC*, 2010-0626, p. 8, 51 So. 3d at 135. La. C.C.P. art 1671 provides in pertinent part that "[a] judgment dismissing an action without prejudice shall be rendered *upon*

*application of the plaintiff.*" [Emphasis added.] Here, the record is void of a motion to dismiss.

The trial court was under the mistaken assumption that plaintiffs' filing of the pleading captioned "Amended and Supplemental Petition for Filiation and Child Support" is the appropriate procedure to dismiss parties and causes of action. It is legal error for the trial court to dismiss parties and causes of action without the plaintiffs first filing a motion for voluntary dismissal. *Id.*, 2010-0626, p. 9, 51 So. 3d at 136.

### Dismissal of Causes of Actions

Plaintiffs made a failed attempt to amend and supplement its original petition, which the trial court erroneously relied on in its decision-making process to dismiss parties and causes of action in this matter.

The trial court's judgment referenced plaintiffs' attempt to amend and supplement the original petition as the reason for dismissing causes of action:

> IT IS ORDERED, ADJUDGED AND DECREED that plaintiffs' claims for Recovery of Inheritance, Damages, Ill-Practices, Fraud, Negligence and Punitive Damages be and are hereby DISMISSED, as Plaintiffs filed an Amended and Supplemental Petition for Filiation and Child Support on January 9, 2019, which deleted claims for Recovery of Inheritance, Damages, Ill-Practices, Fraud, Negligence and Punitive Damages, and plaintiffs' counsel represented to the Court that plaintiffs voluntarily dismissed their claims for Recovery of Inheritance, Damages, Ill-Practices, Fraud, Negligence and Punitive Damages.

La. C.C.P. art. 1151 allows a plaintiff to amend his or her petition without leave of court at any time before an answer to the petition is served. Otherwise, the petition "may be amended only by leave of court or by written consent of the adverse party." La. C.C.P. art. 1151.

Plaintiffs' original petition was filed on July 24, 2018. Defendants filed responsive pleadings on October 3, 2018. Plaintiffs, thereafter, filed their

6

"amended and supplemental petition" on January 9, 2019. Plaintiffs' pleading is clearly outside of the time period for which to amend the original petition without leave of court.

Because the plaintiffs failed to amend their original petition pursuant to La. C.C.P. art. 1151, and failed to file a motion for leave of court to file an amended and supplemental petition, the result is as if the pleading was never filed. "An amended petition filed without leave of court, when such permission is required, may not be considered." *Gaspard v. Safeway Ins. Co.*, 2015-1197, pp. 4-5 (La. App. 1 Cir. 8/31/16), 202 So. 3d 1128, 1131 (citing *Campbell v. Wright Adams, Realty Co.*, 220 So. 2d 755, 757 (La. App. 1 Cir. 1969)).

We find that plaintiffs' pleading, "Amended and Supplemental Petition for Filiation and Child Support," is without effect and should not have been filed at all. This pleading was therefore not subject to consideration by the trial court in rendering judgment on the peremptory exceptions filed by the defendants. *Gaspard,* 2015-1197, p. 5, 202 So. 3d at 1131.

Finally, even if the plaintiffs properly filed an amending and supplemental petition, an amending petition is not a substitute for a motion to dismiss. *Ferguson v. Brice*, 26,733, p. 4 (La. App. 2 Cir. 5/12/95), 655 So. 2d 711, 713. The proper procedural vehicle for plaintiffs to seek dismissal of causes of action is by filing a motion for voluntary dismissal. *See* La. C.C.P. art. 1671.

For the reasons assigned, we reverse those portions of the judgment dismissing Barbara Barre and Stanford Barre, and dismissing plaintiffs' causes of action for recovery of inheritance, damages, fraud and/or ill practices, negligence and punitive damages.

**Peremptory Exceptions**

*Exception of No Cause of Action*

In reviewing a peremptory exception of no cause of action, appellate courts conduct a *de novo* review because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612, 2005-0719, pp. 6-7 (La. 3/17/06), 929 So. 2d 1211, 1217 (citing *Industrial Cos., Inc. v. Durbin,* 2002–0665, p. 6 (La. 1/28/03), 837 So. 2d 1207, 1213). The peremptory exception of no cause of action tests the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the petition. *Phillips v. Gibbs*, 2010-0175, p. 3 (La. App. 4 Cir. 5/21/10), 39 So. 3d 795, 797-98. "No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action." *Friel v. Louisiana Citizens Property Ins. Corp.*, 2011-1032, p. 4 (La. App. 4 Cir. 2/8/12), 85 So. 3d 180, 183. Thus, the exception is triable on the face of the petition and for the purposes of determining the issues raised by the exception, and the well-pleaded facts in the petition must be accepted as true. *Id.*

"A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the facts, the plaintiff has not stated a claim for which he or she can receive a legal remedy under the applicable substantive law." *Daniels v. State*, 2020-0175, p. 2 (La. App. 4 Cir. 10/21/20), --- So. 3d ----, 2020 WL 6156387, *writ denied sub nom. Daniels v. Bd. of Elementary & Secondary Educ.*, 2021-00008 (La. 3/2/21); 311 So. 3d 1055.

The function of an exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition.

*Private Connection Property, Inc. v. Fox Cars, LLC*, 2008-1129, p. 6 (La. App. 4 Cir. 2/10/09), 6 So. 3d 866, 870.

This court has no way of testing the legal sufficiency of the petition because we cannot discern whether the factual allegations in the original petition were the sole source of the trial court's consideration as to whether the *law extends a remedy to anyone under the factual allegations of the petition. Private Connection Property, Inc.*, 2008-1129, p. 6, 6 So. 3d at 870. Thus, we reverse that portion of the judgment granting defendants' exception of no cause of action and remand this matter to the trial court for further proceedings consistent with this opinion.

*Exception of Prescription*

When the court reviews an exception of prescription, the allegations in the pleadings as well as the statute in question is considered by the court. *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 2017-0413, pp. 9-10 (La. App. 4 Cir. 11/15/17), 231 So. 3d 793, 801. For the reasons assigned below and the reasons articulated in our finding of the trial court sustaining the exception of no cause of action, we reverse the trial court's ruling sustaining the exception of prescription.

The applicable prescriptive period is determined by the character of the action disclosed in the pleadings. *Bottinelli Real Estate, L.L.C. v. Johns Manville*, Inc., 2019-0619, p. 6 (La. App. 4 Cir. 12/27/19), 288 So. 3d 179, 184-85 (citing *Parry v. Administrators of Tulane Educ. Fund*, 2002-0382, p. 7 (La. App. 4 Cir. 9/4/02), 828 So. 2d 30, 35). Ordinarily, the burden of proof is on the party pleading prescription; however, if prescription is evident on the face of the petition, the burden of proof shifts to the plaintiff to show the cause of action has not prescribed. *Faubourg Saint Charles Homeowners Assoc., Inc.*, 2018-0806, p. 4 (La. App. 4 Cir. 2/20/19), 265 So. 3d 1153, 1157.

9

Generally, an appellate court conducts *de novo* review of a judgment granting a peremptory exception because the exception raises a legal question. *Scott v. Zaheri*, 2014-0726, p. 8 (La. App. 4 Cir. 12/3/14), 157 So. 3d 779, 785. "The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced." *Wells Fargo Financial Louisiana, Inc.*, 2017-0413, pp. 7-8, 231 So. 3d at 800 (citing *State v. Thompson*, 2016-2143, p. 18 (La. App. 4 Cir. 11/23/16), 204 So. 3d 1019, 1031). When no evidence is introduced at the hearing on peremptory exception of prescription, the appellate court determines whether the trial court's finding was legally correct. *Felix v. Safeway Ins. Co.*, 2015-0701, p. 6 (La. App. 4 Cir. 12/16/15), 183 So. 3d 627, 631 (citing *Bulliard v. City of St. Martinville,* 2014–140, p. 2 (La. App. 3 Cir. 6/4/14), 139 So. 3d 1269, 1271). Further, "[t]he standard controlling our review of a peremptory exception of prescription requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished." *Scott*, 2014-0726, p. 8, 157 So. 3d 779, 785.

When the plaintiff alleges specific dates, it can be determined whether the petition is prescribed on the face of the petition. *Wells Fargo Financial Louisiana, Inc.*, 2017-0413, p. 9, 231 So. 3d at 801.

*Allegations in Petition*

The hearing transcript of January 10, 2019 reflects the trial court never considered, nor was presented with any evidence in support of defendants' peremptory exception of prescription. Because both parties failed to submit any evidence, "the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true." *Denoux v. Vessel Mngmt. Services, Inc.*,

10

2007-2143, p. 6 (La. 5/21/08), 983 So. 2d 84, 88 (citing *Cichirillo v. Avondale Industries, Inc.,* 2004–2894, 2004-2918, p. 5 (La. 11/29/05), 917 So. 2d 424, 428).

*La. C.C. art. 197*

The applicable codal article at issue in this case is La. C.C. art. 197, which governs the time period for a child to establish paternity:

> A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.
>
> *For purposes of succession only, this action is subject to a peremptive period of one year*. This peremptive period commences to run from the day of the death of the alleged father.

[Emphasis added.]

In light of the trial court's erroneous dismissal of Plaintiffs' filiation cause of action, we cannot make a determination of *whether the trial court's finding was legally correct.* [Emphasis added.] *Felix*, 2015-0701, p. 6, 183 So. 3d at 631 (citing *Bulliard,* 2014–140, p. 2, 139 So. 3d at 1271). This Court is unable to discern whether the factual allegations and specific dates in the original petition led the trial court to sustain defendants' peremptory exception of prescription. That portion of the trial court's judgment sustaining defendants' exception of prescription is hereby reversed.

*No Right of Action*

A peremptory exception of no right of action assumes that the petition offers a valid cause of action and considers whether the plaintiff is a member of the class that has a legal interest in the underlying case. *In re Succession of Duskin*, 2014-0236, p. 4 (La. App. 4 Cir. 11/19/14), 153 So. 3d 567, 571 (citing *Weber v. Metro. Cmty. Hospice Foundation, Inc.*, 2013–0182, p. 4 (La. App. 4 Cir. 12/18/13), 131

11

So. 3d 371, 374). An exception of no right of action is reviewed *de novo* as it presents a question of law. *Id.,* (citing *St. Pierre v. Northrop Grumman Shipbuilding, Inc.*, 2012–0545, p. 7 (La. App. 4 Cir. 10/24/12), 102 So. 3d 1003, 1009).

La. C.C.P. art. 681 provides that "[e]xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." La. C.C. art. 197 provides that a child may institute an action to prove paternity. However, pursuant to La. C.C.P. art. 683(A), an unemancipated minor has no procedural capacity to sue. The article further provides that all persons having parental authority over an unemancipated minor must join as proper plaintiffs to sue to enforce a right of the minor. La. C.C.P. art. 683(B). Likewise, during tutorship, the tutor is the proper plaintiff to sue to enforce the right of the unemancipated minor. La. C.C.P. art. 683(C). Based on the aforementioned, one must have a justiciable interest in the filiation action in order to have standing to establish paternity.

The Supreme Court has noted that when an appellate court reviews a trial court's ruling on an exception of no right of action, it "should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 2010–2267, 2010–2272, 2010–2275, 2010–2279, 2010–2289, p. 7 (La. 10/25/11), 79 So. 3d 246, 256.

An appellate court begins its analysis of an exception of no right of action with an examination of the pleadings. *N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 6

12

(La. App. 4 Cir. 12/7/16), 206 So. 3d 1013, 1017 (citing *Gisclair v. Louisiana Tax Comm'n*, 2010-0563, p. 2 (La. 9/24/10), 44 So. 3d 272, 274).

We note that in both the original petition and the "amended and supplemental petition," plaintiffs asserted a number of causes of action based on the allegation that the late Anthony Michael Barre is the father of the minor child. However, because the "amended and supplemental petition" has the effect of not being filed, we are unable to consider the pleading. Further, we are unable discern whether the trial court solely considered the factual allegations in the original petition in sustaining defendants' exception of no right of action. Accordingly, we reverse that portion of the judgment granting defendants' exception of no right of action.

### Hearing on Filiation

The judgment reflects that the trial court ruled that plaintiffs' petition for filiation was untimely and preempted under Louisiana law, and plaintiffs are not allowed to pursue an action for filiation or child support. Having found that we are unable to discern whether the trial court considered both the original petition and the "amended and supplemental petition" in determining the timeliness of plaintiffs' causes of action, we reverse that portion of the judgment denying plaintiffs' motion to set hearing on filiation and establish and order of child support.

### CONCLUSION

For these reasons assigned, we reverse the trial court's judgment of March 28, 2019 and remand this matter to the trial court for further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND REMANDED**